WALLER, Chief Justice,
concurring in part and in result:
¶ 30. I concur in the majority’s conclusion that, under 42 U.S.C.A. Section 407(a), SSI benefits may not be garnished or withheld to satisfy child-support obligations. However, I believe that SSI benefits should be considered as income for purposes of calculating child support, and that chancellors may order child support even when the parent’s sole source of income is SSI benefits.
¶ 31. Nowhere in Section 407(a) does it expressly require courts to disregard SSI payments from consideration or calculation of the parent’s income. The statute simply prohibits garnishment or attachment of those funds to satisfy a child-support award, even after it is paid to the recipient.[9] 42 U.S.C.A. § 407(a) (2000). Furthermore, Mississippi Code Section 43-19-101(3)(a) provides that a parent’s gross income “shall be calculated by ... deter-min[ing] all potential sources that may reasonably be expected to be available to the absent parent including ... disability [and] any other payments made by any ... federal or state government.” Miss.Code Ann. § 43-19-101(3)(a) (Rev.2009). Thus, nothing prohibits a chancellor from using SSI benefits as income for purposes of calculating child-support obligations. In fact, SSI “shall” be considered, under Section 43-19-101. Miss.Code Ann. § 43-19-101(3)(a) (Rev.2009).
¶ 32. Similarly, nothing prohibits a chancellor from ordering child support, even if the paying parent’s sole source of income is SSI benefits. In determining child support, chancellors may consider, inter alia, the health, income, and earning capacity of both parents, the reasonable needs of the child, and the necessary living expenses of the noncustodial parent. Brabham v. Brabham, 226 Miss. 165, 84 So.2d 147, 153 (1955). See also, Deborah H. Bell, Bell on Mississippi Family Law 286 (1st ed. 2005). Additionally, the Legislature has provided chancellors with statutory guidelines to aid in their calculation of child-support awards. See Miss.Code Ann. § 43-19-101 (Rev.2009). The guidelines “allow the needs of a child and the financial ability of a parent to be blended.” Hults v. Hults, 11 So.3d 1273, 1279 (Miss.Ct.App.2009) (quoting Kilgore v. Fuller, 741 So.2d 351, 354 (Miss.Ct.App.1999)) (emphasis added). Thus, the chancellor can choose to take into account the “total available assets of the obligee, obligor, and the child” and “[a]ny other adjustment which is needed to achieve an equitable result....” Miss.Code Ann. §43-19-103(h) & (i) (Rev.2008). I am confident that our chancellors are capable of reasonably and equitably applying all the appropriate standards for determining child support.
*19 ¶ 33. Here, the chancellor ordered Barnes to pay $89 per month as child support (fourteen percent (14%) of his SSI income of $637 per month). See Miss. Code Ann. § 43-19-101(1) (Rev.2008). If the chancellor had found — based on Barnes’s health, income, earning capacity, necessary living expenses, and available assets, Brabham, 84 So.2d at 153, Miss. Code Ann. § 43-19-103(h) & (i) — that Barnes was unable to contribute $89 of his SSI benefits per month to help support his child, or that the amount was otherwise unjust or inappropriate, the chancellor could have ordered less child support or no child support at all. Thus, while I agree that SSI is not subject to withholding, levy, execution, garnishment, or attachment, I cannot say that the chancellor erred in ordering Barnes to pay child support, even though Barnes’s sole source of income is SSI.[10]
CARLSON AND GRAVES, P.JJ., DICKINSON, LAMAR, KITCHENS AND PIERCE, JJ., JOIN THIS OPINION.

. Section 407(a) states that “none of the monies paid or payable ... under this subchap-ter shall be subject to execution, levy, attachment, [or] garnishment...42 U.S.C. § 407 (2000) (emphasis added).

. Because the question is not before us, however, we do not address what judicial mechanisms are potentially available to the chancellor, such as her contempt powers, to enforce such a child-support award.